IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| D.D., by and through his next friend CATHY DAVIS, ) ) ) | |
| Plaintiff, ) ) | |
| ) | CIVIL ACTION NO. 2:09cv691-WHA |
| vs. ) ) | |
| ) | (WO) |
| CHILTON COUNTY BOARD OF ) EDUCATION, et al., ) ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This cause is before the court on a Motion to Dismiss (Doc. #3), filed by Defendants, Chilton County Board of Education, Keith More, and Benita Cahalane. Defendant Heather Alford also moves to adopt the motion, *see* Doc. #15, and that Motion is GRANTED.

The Plaintiff, D.D., by and through his next friend, Cathy Davis, brings 42 U.S.C. § 1983 procedural and substantive due process claims under the Fourteenth Amendment to the Constitution of the United States (Counts I and II), a claim for violation of 20 U.S.C. § 1400 *et seq.*, the Individuals with Disabilities Education Act ("IDEA") (Count III), an assault and battery claim (Count IV), and a claim of outrageous conduct (Count V). The Defendants have moved for dismissal of at least some aspect of all claims, except the claim in Count IV for assault and battery.

For reasons to be discussed, the Motion to Dismiss is due to be GRANTED in part and DENIED in part.

**II.     MOTION TO DISMISS**

The court accepts the plaintiff's allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 569. The factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

### III.  FACTS

The allegations of the Plaintiff's Complaint are as follows:

The Plaintiff alleges that during the 2008-09 school year, D.D. was enrolled at Clanton Elementary School, operated by Chilton County Board of Education. D.D. was receiving educational services pursuant to an Individualized Education Program ("IEP").

According to the Complaint, on or about November 5, 2008, Defendant Heather Alford used a Rifton Chair to physically restrain D.D. and left him alone and unsupervised in a hallway. The Plaintiff alleges that a Rifton Chair is not intended by the manufacturer to be used as a behavioral restraint, and that such use also was not allowed by D.D.'s IEP. The Complaint further alleges that use of the chair as a restraint was pursuant to a policy of the Chilton County Board of Education; Defendant Keith Moore, the Superintendent of the Chilton County Board of Education; and Defendant Benita Cahalane, the Chilton County Special Education Coordinator.

### IV.  DISCUSSION

The Plaintiff concedes that some claims as asserted against particular Defendants are due to be dismissed.  Therefore, as to those claims the Plaintiff concedes should be dismissed, specifically, the claims for violation of IDEA as asserted against the individual defendants, and the state law outrageous conduct claim as asserted against the Chilton County Board of Education, the Motion to Dismiss is due to be GRANTED.

In addition to those claims conceded by the Plaintiff, the Defendants also move to dismiss Counts I and II as against the Chilton County Board of Education on the ground that the § 1983 claims are based on the same facts which form the basis of the claim for violation of IDEA, citing *Sellers by Sellers v. Sch. Bd. City of Mannassas, Va.*, 141 F.3d 524 (4th Cir. 1998); *Katherine S. v. Umbach*, No. 00-T-982-E, 2002 WL 226697 (M.D. Ala. Feb. 1, 2002).   The cases relied on by the Defendants, however, address the issue of whether claims for violation of IDEA can be asserted under § 1983, on which there is a circuit split.  *See Blanchard v. Morton School Dist.*, 509 F.3d 934, 937 (9th Cir. 2007)(identifying the First, Second, Third, Fourth, Seventh, Eighth, and Tenth Circuits as having holdings on the issue); *see also E.D. ex rel. Dukes v. Enterprise City Bd. of Educ.*, 273 F. Supp. 2d 1252 (M.D. Ala. 2003)(Albritton, J.).

The issue of whether IDEA claims can be brought pursuant to § 1983 is not raised by the Plaintiff's claims in this case.  The Plaintiff's § 1983 claims in Counts I and II of the Complaint are for violations of the constitution, specifically the Fourteenth Amendment.  The § 1983 claims in Counts I and II require proof that procedural and/or substantive due process rights have been violated.   Under IDEA, the simple failure to provide a child with a free appropriate public education constitutes a violation of the statute. 20 U.S.C. § 1412(1).   It is clear, as is reflected in the cases relied on by the Defendants, that the law "does permit plaintiffs to resort to section

1983 for **constitutional** violations, notwithstanding the similarity of such claims to those stated directly under IDEA." *Sellers*, 141 F.3d at 530 (emphasis in the original); *see Katherine S.*, 2002 WL 22667 at *19; *cf. Holbrook v. City of Alpharetta*, 112 F.3d 1522, 1531 (11th Cir. 1997) ("We conclude that a plaintiff may not maintain a section 1983 action in lieu of–or in addition to–a Rehabilitation Act or ADA cause of action **if the only alleged deprivation** is of the employee's rights created by the Rehabilitation Act and the ADA.")(emphasis added).  Accordingly, the Plaintiff may proceed on both the IDEA and the § 1983 constitutional claims.

The Motion to Dismiss is also directed specifically to the § 1983 claims against Defendants Keith Moore and Benita Cahalane in their individual capacities.  The Defendants state that only boards of education enact policy under Alabama law.  The Plaintiff responds that although Defendant Heather Alford actually used the restraint at issue, the Plaintiff has alleged that using the Rifton chair in the manner in which it was used was a policy set by the Superintendent and the Special Education Coordinator.  *See* Complaint at ¶ 10.  At this point in the proceedings, therefore, the court cannot conclude that the Motion to Dismiss is due to be granted as to the claims in Counts I and II.

The Defendants further contend that the Plaintiff has failed to state a claim of outrageous conduct as against Keith Moore and Benita Cahalane, arguing that these Defendants are only accused of following Board policy.  As stated above, the Plaintiff has alleged that the use of the chair at issue was a policy of these defendants, not merely that they followed Board policy.  The court concludes, therefore, that the notice pleading standard has been met so that dismissal of the outrageous conduct claim in Count V is premature at this time.  The court will evaluate the adequacy of the Plaintiff's evidence to support this claim if called upon to do so in a timely-filed

motion for summary judgment.

## V.  CONCLUSION

For the reasons discussed, the Motion to Dismiss is due to be GRANTED in part and DENIED in part as follows:

1.  The Motion to Dismiss is GRANTED as to the IDEA claims against Keith Moore, Benita Cahalane, and Heather Alford individually, and as to the outrageous conduct claim against the Chilton County Board of Education.

2.  The Motion to Dismiss is DENIED in all other respects.

The case will proceed on the Fourteenth Amendment claims in Counts I and II against all Defendants, the IDEA claim in Count III against the Chilton County Board of Education, the assault and battery claim in Count IV, and the outrageous conduct claim in Count V against the individual defendants.

Done this 17th day of September, 2009.

/s/ W. Harold Albritton  
W. HAROLD ALBRITTON  
SENIOR UNITED STATES DISTRICT JUDGE